UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 10-20910-CIV-MARTINEZ-BROWN

MARCO ESTEBAN VALDIVIA SALINAS,

    Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss and Compel Arbitration **(D.E. No. 3)**.

### I. Background

Plaintiff Marco Esteban Valdivia Salinas ("Plaintiff"), a seaman from Nicaragua, filed the above-captioned complaint in state court asserting claims for Jones Act negligence (Count I and V), unseaworthiness (Count II and VI), failure to provide prompt, proper and adequate medical treatment (Count III and VII), and failure to provide maintenance and cure (Count IV and VIII). Plaintiff has since dropped Counts III, IV, VII, and VIII, leaving only the Jones Act claims and the unseaworthiness claims. Defendant removed the case to this Court pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") and its implementing legislation, 9 U.S.C. § 202 *et seq*.

Plaintiff was working aboard the M/S Fascination, which flies a Bahamian flag, on September 23, 2007, when he was injured. Later in December 2008, Plaintiff was working

aboard the M/V Valor, which flies a Panamanian flag, when he suffered a second injury.

On May 21, 2007, and again on August 24, 2008, Plaintiff signed a Seafarer's Agreement with Carnival which governed the parties' employment relations during the relevant times. Both contained the same relevant arbitration provision:

> . . . any and all disputes arising out of or in connection with this Agreement, including any question regarding its existence, validity, or termination, or Seafarer's service on the vessel, shall be referred to and finally resolved by arbitration under the American Arbitration Association/Internal Centre for Dispute Resolution International Rules, which Rules are deemed to be incorporated by reference to this clause. . . . Seafarer agrees to appear for medical examinations by doctors designated by CCL in specialties relevant to any claims Seafarer asserts, and otherwise the parties agree to waive any and all rights to compel information from each other.

(D.E. No. 3-1.) The agreement went on to provide a separate choice-of-law provision as follows:

> This Agreement shall be governed by, and all disputes arising under or in connection with this Agreement or Seafarer's service on the vessel shall be resolved in accordance with, the laws of the flag of the vessel on which Seafarer is assigned at the time the cause of action accrues, without regard to principles of conflicts of laws thereunder. The parties agree to this governing law notwithstanding any claims for negligence, unseaworthiness, maintenance, cure, failure to provide prompt, proper, and adequate medical care, wages, personal injury, or property damage which might be available under the laws of any other jurisdiction.

(D.E. No. 3-1.) Finally, the agreement contained a severability clause, as follows:

> If any provision, term, or condition of this Agreement is invalid or unenforceable for any reason, it shall be deemed severed from this Agreement and the remaining provisions, terms, and conditions of this Agreement shall not be affected thereby and shall remain in full force and effect.

(D.E. No. 3-1.)

## II. Analysis

"In deciding a motion to compel arbitration under the Convention Act, a court conducts a very limited inquiry." *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005) (internal quotations and citations omitted). First, the Court must consider whether four jurisdictional

prerequisites are met. *Id*. These four conditions are that "1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states." *Id*. at 1294 n. 7. If those four conditions are met, the Court must then consider whether an affirmative defense under the Convention bars arbitration. *Id*. at 1294; *Thomas v. Carnival Corp*., 573 F.3d 1113, 1117 (11th Cir. 2009).

In this case, it is undisputed that the arbitration agreement falls within the scope of the Convention. There is an agreement in writing. It provides for arbitration in the ships' flag states, Panama and the Bahamas, which are signatories to the Convention. It arises out of a legal relationship that is considered commercial, and a party to it is not an American citizen. Accordingly, this Court's review is limited to the affirmative defenses.

The Convention provides the following affirmative defense[1] to arbitration:

> Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that . . . [t]he recognition or enforcement of the award would be contrary to the public policy of that country.

Article V(2)(b). In this case, Plaintiff argues that the prospective waiver doctrine bars enforcement of the arbitration agreement as contrary to public policy.

---

[1] Technically, Article V(2)(b) is codified as a defense to the enforcement of arbitration rather than as an affirmative defense to the arbitration itself. However, pursuant to the Supreme Court's language in *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc*., 473 U.S. 614 (1985), *see infra*, the Eleventh Circuit has treated it as an affirmative defense. *See Thomas*, 573 F.3d at 1124 (holding pursuant to Article V(2)(b) that arbitration should not be compelled).

The prospective waiver doctrine derives from *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985). In a footnote in that case, the Supreme Court noted that "in the event the choice-of-forum and choice-of-law clauses operated in tandem as a prospective waiver of a party's right to pursue statutory remedies for antitrust violations, we would have little hesitation in condemning the agreement as against public policy." *Id*. at 637 n. 19. In *Thomas v. Carnival Corp.*, the Eleventh Circuit applied the prospective waiver doctrine to nullify an arbitration agreement that mandated arbitration in the Philippines and application of Panamanian law. *Thomas*, 573 F.3d at 1123. The Eleventh Circuit held that because the arbitration clause specified that the arbitrator had to apply Panamanian law, the arbitration clause effectively waived and foreclosed on the plaintiff's rights under the Seaman's Wage Act. *Id*. at 1123-24. In *Thomas*, the Eleventh Circuit explicitly stated that "[t]he important question . . . is choice of law: What law will apply in that arbitral forum?" *Id*. at 1121.

The Supreme Court "has held that arbitration clauses should be upheld if it is evident that either U.S. law definitely will be applied or if, there is a possibility that it might apply *and* there will be later review." *Thomas*, 573 F.3d at 1123 (emphasis in original). This Court agrees with the numerous cases in this district that have held that the reasoning in Thomas also applies to Jones Act claims. *See*, *e.g.*, *Odom v. Celebrity Cruises, Inc.*, No. 10-cv-23086-AJ (S.D. Fla. Feb. 23, 2011); *Meneses v. Carnival Corp.*, 731 F. Supp. 2d 1332, 1335 (S.D. Fla. 2010). Because the arbitration clause at issue here contains a choice-of-law provision that forecloses on the application of U.S. law, it is void under *Thomas*.

In the alternative, Defendant asserts that the Court should sever the choice-of-law provision in the agreement and compel arbitration of Plaintiff's claims with the law to be

determined by the arbitrator.[2]

"Courts 'faced with arbitration agreements proscribing statutorily available remedies . . . have either severed the illegal provision and ordered arbitration, or held the entire agreement unenforceable.'" *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1280 (S.D. Fla. 2010) (quoting *Perez v. Globe Airport Sec. Services, Inc.*, 253 F.3d 1280, 1286 (11th Cir. 2001), *vacated on other grounds*, 294 F.3d 1275 (11th Cir. 2002)).  In considering whether to sever a choice-of-law provision, the Court should consider both the strong federal interest in favor of arbitration, *see Rent-A-Center, Inc. v. Jackson*, -- U.S. --, 130 S.Ct. 2772 (2010), and whether the unenforceable choice-of-law clause is embedded in the arbitration provision.  *Krstic*, 706 F. Supp. 2d at 1280-81; *Dockeray v. Carnival Corp.*, 724 F. Supp. 2d 1216, 1227 (S.D. Fla. 2010). Choice-of-law provisions embedded within arbitration provisions that limit statutory remedies are problematic to sever.  *Id*.  On the other hand, it is appropriate to sever stand alone choice-of-law provisions in agreements that expressly provide for the severance of unenforceable provisions.  *Id*.

If the Court severs the choice-of-law provision, there is a possibility that U.S. law might apply.  At issue then is whether there will be later review if this Court retains jurisdiction to enforce the award.  In *Thomas*, the Eleventh Circuit noted that the Seaman's Wage Act statutory claim was the only claim and "[i]f, applying Panamanian law, Thomas receives no award in the arbitral forum—a distinct possibility given the U.S. based nature of his claim—he will have

---

[2] Defendant did not raise severance in its initial brief to compel arbitration, and the Court will not ordinarily consider arguments raised for the first time in a reply brief.  Plaintiff, however, raised the possibility of severance in his response brief, also arguing in the alternative that the Court should sever the choice-of-law provision.  The Court concludes that Plaintiff will not be prejudiced by the Court's consideration of the issue, given that Plaintiff raised it.

nothing to enforce in U.S. courts, which will be deprived of any later opportunity to review." *Id*. at 1124.  The Court notes that, although there is a significant split of authority in this district regarding the application of *Thomas*, district courts analyzing whether or not there was a "subsequent opportunity for review" have often looked to whether there is a "distinct possibility" that the plaintiff would not recover anything due to the arbitrator applying foreign law to a U.S. claim.  *See, e.g., Meneses v. Carnival Corp.*, 731 F. Supp. 2d 1332, 1335 (S.D. Fla. 2010); *Cardoso v. Carnival Corp.*, No. 09-23442-CIV, 2010 WL 996528, at *3 (S.D. Fla. Mar. 16, 2010).  In this case, the Plaintiff's claims for unseaworthiness are based in common law, rather than United States statutory law.  Thus, Plaintiff will have a claim to pursue through arbitration even if the arbitrator does not apply U.S. law.  This Court will retain jurisdiction to enforce the award and, by doing so, to review whether or not the arbitrator applied U.S. law to Plaintiff's Jones Act claim.  *See Mitsubishi*, 473 U.S. at 638 ("While the efficacy of the arbitral process requires that substantive review at the award-enforcement stage remain minimal, it would not require intrusive inquiry to ascertain that the tribunal took cognizance of the [United States] claims and actually decided them.") (internal citations and quotations omitted).  Moreover, as Judge Altonaga pointed out in *Dockeray*, if the arbitrator does not apply U.S. law and if the Plaintiff also does not prevail on his unseaworthiness claim, it will still be possible for him to obtain later review in the event that Carnival attempts to argue res judicata when Plaintiff later re-raises his statutory claims.  *Dockeray*, 724 F. Supp. 2d at 1227 n. 3 (citing *Pike v. Freeman*, 266 F.3d 78, 90-91 (2d Cir. 2001)).

Plaintiff's remaining argument against compelling arbitration is that amendments to the Jones Act that incorporate the Federal Employers' Liability Act ("FELA") serve to prohibit the

arbitration agreement in this case.  This argument has been considered and rejected by numerous courts in this district.  *See  Hodgson v. Royal Caribbean Cruises, Ltd.*, -- F.Supp.2d --, 2009 WL 6364071, at *9-*11 (S.D.Fla. 2009) ("The repeal of the venue provision is no reason to conclude that Congress has intended to exempt the Jones Act where the Convention applies"); *Vesuna v.C.S.C.S. Intern., N.V.*, No. 09-20286-CIV-SEITZ, 2009 WL 4543319, *1 (S.D.Fla. Nov.30, 2009) (holding that the 2008 amendments to the Jones Act do not change existing law"); *Allen v. Royal Caribbean Cruise, Ltd.*, No. 08-22014-CIV, 2008 WL 5095412, at *6, *aff'd* 353 Fed. Appx. 360 (11th Cir. 2009) (enforcing arbitration despite the Jones Act and FELA); *Acosta v. Norwegian Cruise Line, Ltd.*, 303 F. Supp. 2d 1327, 1331 (S.D. Fla. 2003) (discussing application of FELA to the Jones Act and concluding it does not prevent removal).  Accordingly, the Court concludes that the amendments do not prevent arbitration.  After careful consideration, it is hereby:

> **ORDERED AND ADJUDGED** that
>
> 1. The choice-of-law provision in the parties' agreement is void and is severed.
>
> 2. Defendant's Motion to Dismiss and Compel Arbitration **(D.E. No. 3)** is **GRANTED**.
>
> 2. The Court shall retain jurisdiction to enforce the arbitral award.
>
> 3. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.
>
> DONE AND ORDERED in Chambers at Miami, Florida, this 28th day of March, 2011.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record